J-S34020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE E. WILLIAMSON JR. | : | |
| | : | |
| Appellant | : | No. 167 WDA 2022 |

Appeal from the PCRA Order Entered January 25, 2022
In the Court of Common Pleas of Erie County Criminal Division
at CP-25-CR-0001535-1999, CP-25-CR-0001610-1999

BEFORE:    DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                                **OCTOBER 21, 2022**

Wille E. Williamson, Jr. (Appellant), appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In March 2000, Appellant was sentenced to life in prison without the possibility of parole (LWOP), after a jury convicted him of first-degree murder

_____

* Retired Senior Judge assigned to the Superior Court.

and related charges.[1]  This Court affirmed.  **Commonwealth v. Williamson**, 788 A.2d 1035 (Pa. Super. 2001) (unpublished memorandum).  Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

In the ensuing years, Appellant filed approximately five PCRA petitions (including purported *habeas corpus* petitions)[2] without success.  **See**, **e.g.**, **Commonwealth v. Williamson**, 2014 WL 10979759 (Pa. Super. 2014) (unpublished memorandum at *3) (affirming PCRA court's dismissal of Appellant's untimely, serial PCRA petition and holding **Miller**, **supra** inapplicable because Appellant was over the age of 18 at the time of the murder).

On March 22, 2016, Appellant filed a *pro se* PCRA petition, again claiming he was entitled to relief under **Miller** and its progeny, namely, **Montgomery v. Louisiana**, 577 U.S. 190, 212 (2016) (holding **Miller** applies retroactively on state collateral review).  On April 12, 2016, the PCRA court

_____

[1] Appellant was 18 years-old (nearly 19) at the time of his crimes. **Commonwealth v. Williamson**, 2014 WL 10979759, at *3 (Pa. Super. 2014) (unpublished memorandum) ("[Appellant] acknowledges that he was over the age of eighteen at the time he committed the first-degree murder offense."); **see also** PCRA Court Opinion, 6/17/13, at 6 (same).  In **Miller v. Alabama**, 567 U.S. 460 (2012), the United States Supreme Court held as unconstitutional mandatory LWOP sentences for juveniles under the age of 18 when they commit murder.  **Id.** at 465 (finding violation of Eighth Amendment prohibition on cruel and unusual punishment).

[2] "[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (collecting cases); **see also** 42 Pa.C.S.A. § 9542 (PCRA provides sole means of obtaining collateral relief).

issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without an evidentiary hearing. The court stated Appellant "is not entitled to relief under [**Miller** and **Montgomery**] since he was not a juvenile at the time the homicide was committed." Notice of Intent to Dismiss, 4/12/16 (footnote omitted). However, the PCRA court never ruled on the 2016 petition. **See**, **e.g.**, PCRA Court Order, 1/25/22, at n.1.

On January 2, 2022, Appellant filed a supplemental, *pro se* PCRA petition. Appellant pointed out the PCRA court's failure to rule on the 2016 petition, and also claimed ineffective assistance of all prior counsel. On January 25, 2022, the PCRA court dismissed the supplemental petition, as well as Appellant's 2016 petition, without a hearing. Appellant timely filed a *pro se* notice of appeal. Appellant's single notice of appeal listed **two** separate docket numbers (Nos. 1535 and 1610-1999).

On February 8, 2022, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors. Appellant timely filed a *pro se* Rule 1925(b) statement on March 10, 2022. On March 21, 2022, the PCRA court issued an opinion stating:

> Appellant's [Rule 1925(b)] Statement was filed March 10, 2022. The Court finds Appellant's allegations are vague and without sufficient detail for the Court to identify the pertinent issues. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. **Com**[**monwealth**] **v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006), **appeal denied**, 919 A.2d 956 (Pa. 2007). Thus, if a concise statement is too vague, the court may find waiver. **Id.** For the reasons set forth in the [PCRA court's Rule 907 Notice] …, Appellant's appeal is meritless and should be dismissed.

PCRA Court Opinion, 3/21/22; **see also** Notice of Intent to Dismiss, 4/12/16.

On appeal, Appellant presents a single issue: "Whether the trial court erred in dismissing Appellant's *pro se* PCRA petition without an evidentiary hearing[?]" Appellant's Brief at 5 (unnumbered).

Before reaching Appellant's issue, we address our jurisdiction. As noted, Appellant's single notice of appeal contained two docket numbers. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. **Id.** at 976-77;[3] **see also** Pa.R.A.P. 341, note. Here, the PCRA court order dismissing Appellant's petition informs Appellant that he has the right to file "his **Notice** of Appeal" within 30 days of the order. Order, 1/25/22 (emphasis added). Pursuant to **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*), and **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019), this language constitutes a breakdown in court operations, and we thus decline to quash Appellant's appeal. **See Larkin**, 235 A.3d at 354 (finding breakdown in court operations and declining

---

[3] The Pennsylvania Supreme Court overruled **Walker**, in part, in **Commonwealth v. Young**, 265 A.3d 462, 477-78 (Pa. 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when a single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate courts to consider an appellant's request to remedy a **Walker** violation when appellant timely files the notice of appeal).

to quash, where defendant was misinformed of his appellate rights); **Stansbury**, 219 A.3d at 159 (breakdown in court operations occurred where PCRA court advised appellant he could appeal dismissal of petition by filing within 30 days "**a** written **notice** of appeal to the Superior Court") (emphasis in original). Accordingly, we address Appellant's claim of error.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). Further, the "right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

Appellant argues the PCRA court improperly dismissed his petition without conducting an evidentiary hearing, and failed to credit his claim that all prior counsel were ineffective. **See** Appellant's Brief at 7-8 (unnumbered).

We initially address the PCRA court's ruling with respect to Appellant's *pro se* Rule 1925(b) Statement. **See** PCRA Court Opinion, 3/21/22 (finding claims in Statement to be "vague and without sufficient detail for the Court to identify the pertinent issues"). Rule 1925(b) mandates that the "Statement shall concisely identify each error that the appellant intends to assert **with**

**sufficient detail** to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). A Rule 1925(b) statement that is too vague to allow the trial court an opportunity to identify the issues raised on appeal "is the functional equivalent of no statement at all." ***Commonwealth v. Cannon***, 954 A.2d 1222, 1228 (Pa. Super. 2008); ***see also Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011) ("if a concise statement is too vague, the court may find waiver."). Accordingly, we could deem Appellant's issue to be waived. ***See id.***; ***but see also Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014) (acknowledging this Court may liberally construe materials filed by a *pro se* litigant).

However, in the absence of waiver, we lack jurisdiction. PCRA petitions must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (neither this Court nor the PCRA court has jurisdiction over an untimely petition). Appellant's sentence became final in 2001, and he did not file the instant PCRA petition until 2016. Thus, Appellant's petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner pleads and proves a statutory exception set forth in 42 Pa.C.S.A. § 9545(b)(1). "**[I]t is the petitioner's burden** to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an **acknowledgement by the petitioner that the PCRA petition under review is untimely** but that one or more of the exceptions apply." *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (emphasis in original; citations omitted). Here, Appellant fails to acknowledge his petition is untimely, or invoke an exception in 42 Pa.C.S.A. § 9545(b)(1). Accordingly, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction. *See Chester*, *supra*; *Crews*, *supra*.

Finally, to the extent Appellant argues he is entitled to relief because prior counsel were ineffective, "a petitioner's claims [] couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." *Commonwealth v. Lesko*, 15 A.3d 345, 367 (Pa. 2011). Appellant's PCRA petition is untimely and he has failed to plead and prove any exception to the time bar. Therefore, Appellant's ineffectiveness claims do not merit relief. *Id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2022